AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>FREDDY MARTINEZ (2) | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number: 3:22-CR-01503-TWR<br><br>Anton Vialtsin<br>Defendant's Attorney |

**FILED** APR 15 2024
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

**USM Number** 07214-506

☐ -

THE DEFENDANT:

☒ pleaded guilty to count(s)  1 of the Indictment

☐ was found guilty on count(s) _____
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 21:841(a)(1),846; 21:853, 18:924(d), 28:2461(c) - Conspiracy To Distribute Methamphetamine, | 1 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is  dismissed on the motion of the United States.

☒ Assessment: $100.00 imposed

☐ JVTA Assessment*: $ -

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine    ☒ Forfeiture pursuant to order filed  12/12/2023 , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

April 12, 2024
Date of Imposition of Sentence

*/s/ Todd Robinson/*

HON. TODD W. ROBINSON
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | FREDDY MARTINEZ (2) | Judgment - Page **2** of **5** |
| CASE NUMBER: | 3:22-CR-01503-TWR | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 145 months

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☒ The court makes the following recommendations to the Bureau of Prisons:
1. Residential Drug Abuse Program (RDAP)
2. Designation to a facility in the south western region, as close to San Diego as possible, to participate in RDAP and accommodate family visits.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:

    ☐ at _____ A.M. on _____

    ☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ on or before

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
       DEPUTY UNITED STATES MARSHAL

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | FREDDY MARTINEZ (2) | Judgment - Page **3** of **5** |
| CASE NUMBER: | 3:22-CR-01503-TWR | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
5 years

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | FREDDY MARTINEZ (2) | Judgment - Page **4** of **5** |
| CASE NUMBER: | 3:22-CR-01503-TWR | |

## STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

3:22-CR-01503-TWR

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | FREDDY MARTINEZ (2) | Judgment - Page **5** of **5** |
| CASE NUMBER: | 3:22-CR-01503-TWR | |

## SPECIAL CONDITIONS OF SUPERVISION

1. If deported, excluded or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry into the United States; supervision waived upon deportation, exclusion, or voluntary departure.

//

```
                                FILED
                              DEC 1 2 2023
                         CLERK, U.S. DISTRICT COURT
                       SOUTHERN DISTRICT OF CALIFORNIA
                       BY                    DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 22CR1503-TWR |
|---|---|
| Plaintiff, | AMENDED ORDER OF CRIMINAL FORFEITURE |
| v. | |
| CASSANDRA KERNS (7), | |
| Defendant. | |

On August 23, 2023, this Court entered its Preliminary Order of Criminal Forfeiture, which condemned and forfeited to the United States all right, title and interest of CASSANDRA KERNS ("Defendant") in the specific properties pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2):

    a.    One (1) Ruger P95 9mm handgun bearing serial number 312-38394;

    b.    One (1) Smith and Wesson M&P 9 M2.0 Pistol CAL:9 SN: HDL5420;

    c.    One (1) Century Arms International C39V2 Rifle CAL:762 SN: A17045;

    d.    One (1) Century Arms International M 91/30 Rifle CAL: 7.62x54 SN: 84872;

    e.    One (1) Taurus International PT111 G2 Pistol CAL:9 SN: TIS84459;

    f.    One (1) CZ (Ceska Zbrojovka) CZ P-10 C Pistol CAL:9 SN: C601280;

    g.    Two Hundred and Thirty (230) assorted 9mm ammunition rounds;

1  h. $14,485.15 U.S. Currency; and

2  For thirty (30) consecutive days ending on October 11, 2023, the United States published on its forfeiture website, www.forfeiture.gov, notice of the Court's Order and the United States' intent to dispose of the specific properties in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n) and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and further notifying all third parties of their right to petition the Court within thirty (30) days of the final publication for a hearing to adjudicate the validity of their alleged legal interest in the currency.

There were no potential third parties known to the United States to have alleged an interest in the specific properties. Therefore, no one was provided with direct notice of the forfeiture.

Thirty (30) days have passed following the final date of notice by publication and no third party has made a claim to or declared any interest in the forfeited specific properties described above.

On September 7, 2023, the United States sent the Notice of Order of Forfeiture to a potential third parties by Federal Express mail as follows:

| Name and Address | Tracking No. | Result |
|---|---|---|
| Marc Xavier Carlos Eqs.<br>Bardsley and Carlos LLP<br>(c/o Raji Dhawliwal)<br>424 F Street<br>Suite A<br>San Diego, CA 92101 | 773313571400 | Delivered 9/7/23. |
| Benjamin J. Cheeks, Esq.<br>Law Offices of Benjamin Cheeks<br>(c/o Jason Wizner)<br>600 West Broadway<br>Suite 700<br>San Diego, CA 92101 | 773313505031 | Delivered 9/7/23. |

| # | Name/Address | Tracking | Status |
|---|---|---|---|
| 1 | Craig Maynard<br>992 Lupine Hills Drive<br>Unit 98<br>Vista, CA 92081 | 773313557094 | Delivered 9/7/23. |
| 4 | Jason Wizner<br>8591 Whitley Avenue<br>Westminster, CA 92683 | 773313516164 | Delivered 9/8/23. |
| 7 | Jason Wizner<br>P.O. Box 6600<br>Wasco, CA 93280 | 773313512868 | Pending 9/15/23. |
| 9 | Jason Wizner<br>MCC San Diego<br>Prisoner ID. 555550-510<br>808 Union Street<br>San Diego, CA 92101 | 773313525353 | Pending 9/11/23. |
| 13 | Frank A. Balistrieri Esq.<br>Law Office of Balistrieri Bristol<br>(c/o Craig Maynard)<br>185 West F Street<br>Suite 100<br>Carlsbad, CA 92101 | 773313552015 | Delivered 9/7/23. |
| 18 | Alice Maynard<br>699 N Vulcan Avenue<br>SPC 108<br>Encinitas, CA 92024 | 773313560610 | Delivered 9/7/23. |
| 21 | Robert Carriedo Esq.<br>(C/o Nicholas Spieth)<br>Law Office of Robert Carriedo<br>105 West F Street<br>Third Floor<br>San Diego, CA 92101 | 773313533741 | Delivered 9/7/23. |

| | | |
|---|---|---|
| Nicholas Spieth<br>MCC San Diego<br>Prisoner ID. 55555-510<br>808 Union Street<br>San Diego, CA 92101 | 773313525353 | Refused. |
| Nicholas Spieth<br>7244 Paseo Plomo<br>Apartment 103<br>Carlsbad, CA 92009 | 773313540066 | Delivered 9/7/23. |
| Raji Dhawliwal<br>1037 E 1st Street<br>Apartment 12<br>Long Beach, CA 90802 | 773313566857 | Moved 09/8/2023. |

Thirty (30) days have passed following the final date of notice by publication and notice by Federal Express and no third party has made a claim to or declared any interest in the specific properties described above.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, as a result of the failure of any third party to come forward or file a petition for relief from forfeiture as provided by law, all right, title, and interest of CASSANDRA KERNS and any and all third parties, including Raji Dhawliwal, Nicholas Speith, Alice and Craig Maynard, and Jason Wizner, in the following specific properties is hereby forfeited to the United States pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), and all rights, title and interest in them are vested in the United States of America:

 a. One (1) Ruger P95 9mm handgun bearing serial number 312-38394;

 b. One (1) Smith and Wesson M&P 9 M2.0 Pistol CAL:9 SN: HDL5420;

 c. One (1) Century Arms International C39V2 Rifle CAL:762 SN: A17045;

 d. One (1) Century Arms International M 91/30 Rifle CAL: 7.62x54 SN: 84872;

  e. One (1) Taurus International PT111 G2 Pistol CAL:9 SN: TIS84459;

  f. One (1) CZ (Ceska Zbrojovka) CZ P-10 C Pistol CAL:9 SN: C601280;

  g. Two Hundred and Thirty (230) assorted 9mm ammunition rounds; and

  h. $14,485.15 U.S. Currency.

IT IS FURTHER ORDERED the United States Marshals Service is authorized to dispose of the currency forthwith in accordance with the law.

IT IS FURTHER ORDERED the Bureau of Alcohol, Tobacco, and Firearms is authorized to dispose of the firearms and ammunition forthwith in accordance with the law.

DATED: 12/12/23

           *Todd Robinson* (signature)
           Hon. Todd W. Robinson
           United States District Court Judge